{¶ 12} Respectfully, I dissent.
 {¶ 13} The majority in this matter orders reversal of the judgment entry granting a new trial and a remand to the trial court to provide further analysis in support of its decision to vacate the jury's award of zero dollars. I would analyze the reasons given by the trial judge for granting a new trial ("the jury award of zero dollars was inadequate and against the manifest weight of the evidence") and review whether the order of new trial was error. I find that it was.
 {¶ 14} In the trial of this matter, there was evidence that the impact was minor — a transfer of paint from one vehicle to the other. There was no objective finding of injury from the emergency room. Prior to and at the time of the accident, defendant was treating for the same pain complained of here, and a reasonable jury, based upon the facts of this case, could clearly find "no proximate cause." Defense counsel's statements in final argument that damages should be limited to $2,000 or the emergency room bill may be an admission of some threshold ondamages (should the jury find proximate cause), but it was not an admission of proximate cause. Even if the appellant proved duty, breach and damages, a failure of proof upon the issue of proximate cause would indeed result in the verdict rendered here. Accordingly, I would reverse the order of a new trial and reinstate the jury's verdict.